UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


| | |
|---|---|
| **JEFFERY BOYD TRUSTY** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 2:14-0030 |
| ] | **Judge Sharp** |
| **ERIC QUALLS, Warden** ] | |
| Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Eric Qualls, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On November 8, 2007, a jury in Smith County found the petitioner guilty of first degree premeditated murder, first degree felony murder, especially aggravated kidnapping, and the theft of property valued at over $1000.[1] Docket Entry No. 18-13 at pgs. 144-146. Because the murder convictions were based upon the death of the same victim, these convictions were merged by operation of law into a single murder conviction. *Id.* at pg. 147.

The murder conviction brought the petitioner a sentence of life imprisonment with the

---

[1] The petitioner had also been charged with first degree murder during the perpetration of a theft. This charge, however, was dismissed at the conclusion of the state's proof. Docket Entry No. 18-1 at pg. 92.

1

possibility of parole. *Id.* The petitioner received concurrent sentences of twenty five years for especially aggravated kidnapping and four years for theft. Docket Entry No. 18-1 at pgs. 182-183.

The petitioner's convictions were affirmed on direct appeal. State v. Trusty, 326 S.W.3d 582 (Tenn. Crim. App. 2010). The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 18-20.

In August, 2011, the petitioner, through counsel, filed a petition for state post-conviction relief in the Criminal Court for Smith County. Docket Entry No. 18-21 at pgs. 5-23. Following an evidentiary hearing, the trial court denied the petition. Docket Entry No. 18-23 at pg. 5; Docket Entry No. 18-22 at pgs. 191-205. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.18-26. The Tennessee Supreme Court once again denied petitioner's application for additional review. Docket Entry No. 18-28.

## II. Procedural History

On March 20, 2014, the petitioner initiated this action with the filing of a petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus. The petition contains eight claims for relief. These claims include :

    1)    the petitioner was denied the effective assistance of counsel because his attorneys

        a) failed "to move for a mistrial when two of the State's law enforcement witnesses (Corcoran and Wilkerson) repeatedly sensationalized benign pieces of evidence to augment their circumstantial case, disregarded limitations and rulings by the Court, and testified regarding matters which were clearly improper";

        b) failed "to move for a mistrial when the State deliberately elicited testimony from a law enforcement officer (Corcoran) drawing a legal conclusion that Christine Hunt was the victim of the crimes charged in the indictment

2

and that venue for the prosecution was proper in Smith County";

        c) failed "to move for a mistrial after the victim's sons stood up, moved forward in the courtroom and yelled threats and obscenities at Petitioner Trusty in the midst of his testimony explaining how the victim's death was an unintended accident";

        d) failed "to persist in a request that the trial judge recuse himself when the Court's tone and actions suggested the inability to be fair to the defense";

        e) failed "to object and seek a mistrial when the State suggested in closing argument that the jury return a guilty verdict as a birthday gift to the victim's son, Andrew Clinton, and by drawing the jury's attention back to his outburst at the trial";[2]

2)    prosecutorial misconduct

        a) the prosecution elicited improper testimony from two witnesses (Corcoran and Wilkerson) who repeatedly sensationalized benign pieces of evidence, disregarded limitations and rulings by the Court, and testified regarding improper matters;

        b) the prosecution elicited testimony from a witness (Corcoran) in which he drew a legal conclusion that the crimes charged in the Indictment were committed by the petitioner and that venue was proper in Smith County; and

        c) the prosecution suggested in closing that the jury reach a verdict as a birthday gift for the victim's son and by drawing attention to his outburst at trial.

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 10) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

---

[2] At trial, the petitioner was represented by B.F. (Jack) Lowery, J.D. Lowery and Jeff Cherry. All three attorneys are members of the Wilson County Bar.

Presently before the Court are respondent's Answer (Docket Entry No. 31) to the petition, petitioner's Reply Traverse (Docket Entry No. 32), respondent's Surreply (Docket Entry No. 36), and petitioner's Reply (Docket Entry No. 44) to respondent's Surreply.

Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327, 331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538, 552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary

4

to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4, 6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner first raised his claims of prosecutorial misconduct (Claim Nos. 2a-c) in the state courts during post-conviction proceedings. *See* Docket Entry No. 18-24 at pgs. 60-67. The Tennessee Court of Criminal Appeals held that these claims had been waived for failure to present them on direct appeal. Docket Entry No. 18-26 at pgs. 22-23.

When a state court rejects a habeas petitioner's claim pursuant to an independent and adequate procedural ground, that claim has been procedurally defaulted. Baze v. Parker, 371 F.3d 310, 320 (6th Cir. 2004). "Tennessee's waiver rule .... constitutes an adequate and independent state-law rule precluding habeas relief." Hutchinson v. Bell, 303 F.3d 720, 738 (6th Cir. 2002). Therefore, federal habeas review of petitioner's prosecutorial misconduct claims is barred because those claims were not properly exhausted in the state courts.

The Supreme Court has held, though, that a procedural default can be excused with a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996). A habeas petitioner can not, however, rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

In his Reply Traverse (Docket Entry No. 32), the petitioner asserts that the failure to raise the prosecutorial misconduct claims on direct appeal is attributable to the ineffectiveness of appellate counsel. *Id.* at pg. 3. He also states that a fundamental miscarriage of justice will occur if the prosecutorial misconduct claims are dismissed for a procedural default. *Id.* at pg. 16.

Counsel's ineffectiveness for failure to raise prosecutorial misconduct issues on direct appeal can not constitute cause to excuse a procedural default unless the ineffectiveness of appellate counsel was itself raised and exhausted as an independent claim during post-conviction proceedings. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this instance, the petitioner has never offered the ineffectiveness of appellate counsel as an independent ground for habeas corpus relief. Consequently, the petitioner has failed to demonstrate cause sufficient to excuse the procedural default of his prosecutorial misconduct claims.

Nevertheless, despite an absence of cause and/or prejudice, a procedural default may be excused with a showing of actual innocence. Murray v. Carrier, 477 U.S. 478, 495 (1986). The petitioner claims that he is actually innocent of the crimes. To make the requisite showing, though, he must present evidence so strong that a court cannot have confidence in the guilty verdicts. McQuiggin v. Perkins, 133 S.Ct. 1924,1936 (2013).

In this instance, the petitioner has offered no such evidence. In fact, at trial, the petitioner

admitted that he met with the victim, was scratched by her during an altercation, that she died during the altercation, that he took a vehicle owned by a third party and transported the victim's body to his home. He further testified that he rented a storage unit to secrete the stolen vehicle and that he dumped the victim's body. Docket Entry No. 18-11 at pgs. 146-172. As he was being booked, the petitioner told a police officer "that he didn't mean for this to happen. He just didn't know what to do." Docket Entry No. 18-10 at pg. 25. The testimony developed at trial directly contradicts petitioner's claim of actual innocence. Thus, the Court finds that the procedural default of the prosecutorial misconduct claims is unexcused, barring their review in this action.

**B.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the ineffectiveness of trial counsel (Claim Nos. 1a-e), were fully exhausted in the state courts during post-conviction proceedings and were found to be lacking in merit.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law,

the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Four of the petitioner's ineffective assistance claims are predicated upon counsels' failure to move for a mistrial.

A trial judge may only declare a mistrial if, after "taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated". Colvin v. Sheets, 598 F.3d 242, 252 (6th Cir. 2010). There are degrees of necessity and we require a "high degree" before concluding that a mistrial would be appropriate. Arizona v. Washington, 434 U.S. 497, 506 (1978). Courts thus apply a sliding scale of scrutiny regarding manifest necessity; the strictest scrutiny applies when the basis for a mistrial is judicial or

prosecutorial misconduct; the greatest deference extends to mistrials declared due to a deadlocked jury. Colvin, *supra* at pg. 253.

The petitioner has alleged that judicial and prosecutorial misconduct or error would have been the basis for a mistrial. In his first such claim, petitioner contends that a mistrial should have been asked for when a police officer testified that the victim's disappearance was attributable to foul play and testimony was allowed concerning a burnt sock and the petitioner's transfer of his gun collection to his mother's care (Claim No. 1a).

The state courts determined that the petitioner had failed to show in what way that the introduction of this evidence created a manifest necessity for a mistrial. Docket Entry No. 18-26 at pg. 19. This Court agrees that the evidence referred to by the petitioner in this claim was not so objectionable as to require a mistrial. Therefore, counsel were not ineffective in this regard.

The petitioner next claims that a mistrial should have been requested because a police officer was allowed to conclude via his testimony that the victim had been kidnapped and murdered in Smith County (Claim No. 1b).

Counsel unsuccessfully objected to at least some of this testimony. The Tennessee Court of Criminal Appeals affirmed that such evidence had been properly admitted at trial. Docket Entry No. 18-18 at pgs. 27-29. Therefore, in the absence of any suggestion that a mistrial might have been granted, counsels' failure to request one in this instance does not implicate the denial of effective assistance.

As the petitioner was giving testimony, the victim's sons stood up, moved forward in the courtroom and yelled threats and obscenities at him. Docket Entry No. 18-11 at pg. 149. The petitioner argues that his attorneys were ineffective for failing to request a mistrial after this outburst

took place (Claim No. 1c).

Immediately following the outburst, the trial judge ordered the bailiff to clear the courtroom. *Id.* at pg. 150. When things calmed down, he allowed the jury to return. The trial judge then instructed the jury to disregard the outburst from the victim's sons.

In light of the judge's decision to immediately clear the courtroom and his curative instruction to the jury, the state courts found that a request for mistrial, if made, would not have been granted. Docket Entry No. 18-26 at pg. 20. For that reason, those courts determined that the failure to request a mistrial did not deprive the petitioner of his right to the effective assistance of counsel. This Court finds that such a determination does not offend federal law. Therefore, this claim has no merit.

The petitioner also claims that counsel should have sought a mistrial after the prosecutor asked the jury during closing argument to render a guilty verdict as a birthday gift to the victim's son (Claim No. 1e).

Contrary to petitioner's claim, the prosecutor did not explicitly beseech the jury to "return a guilty verdict as a birthday gift to the victim's son." The victim's son had a birthday the previous day and the prosecutor commented that it would have been good for him to get closure on his birthday. The outburst by the victim's sons was never mentioned during closing argument. As a consequence, the jury was never asked to base its verdict on anything other than the evidence before it. *See* Docket Entry No. 18-13 at pgs. 47-77. It was not, therefore, error when counsel failed to seek a mistrial based upon the prosecutor's closing argument.

Finally, the petitioner alleges that counsel erred by failing to persist in a request that the trial judge recuse himself (Claim No. 1d).

During the trial, the judge made several rulings adverse to the defense. This prompted counsel to state " .... I think we have to reach a point where I have to ask you to recuse yourself in this case, because I don't think you've been fair to the defense in this matter at all." Docket Entry No. 18-10 at pg. 58. Upon further reflection, though, counsel withdrew his motion to recuse. *Id.* at pg. 71. The petitioner does not believe that counsel should have withdrawn the motion to recuse. The trial judge later noted , however, that had the motion to recuse not been withdrawn, he would have denied the motion. *Id.* at pg. 73. Thus, the petitioner can show no prejudice arising from counsel's failure to press the motion to recuse. In the absence of prejudice, counsel was not ineffective in this regard.

## IV. Conclusion

Procedural defaults bar federal habeas corpus review of petitioner's prosecutorial misconduct claims (Claim Nos. 2a-c). With respect to the remaining claims that were properly exhausted in the state courts (Claim Nos. 1a-e), the petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law.

Accordingly, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge